## HENRY COWGILL v. MOSES K. FORD.

In all sales of goods and chattels, the delivery, or what is equivalent to it in contemplation of law, of the thing sold, is necessary to perfect the contract of sale, so as to transfer the property in it, from the seller to the purchaser; but of goods sold there are two kinds of delivery in law, an actual delivery and an implied or constructive delivery, which is a delivery in contemplation of law merely for the purpose of passing the ownership and the property in the goods from the seller to the buyer without any actual change of the possession of them at the time from the one to the other.

When the terms of sale are agreed on and the bargain is struck between the parties, and every thing the seller has to do with the goods is complete, the contract of sale becomes absolute as between them, without actual payment of the price for them on the one part, or the delivery of them

on the other, and the property in the goods passes to and is vested in the purchaser, and he is entitled to them, on payment of the price agreed upon for them, or the tender of it to the other party, and not otherwise; this, however, is only when nothing is said and agreed upon as to the time of delivery, or the time of payment, and a present sale and a simultaneous delivery of the goods and payment for them, is in the contemplation of the parties, or a credit is given as to the time of the payment at the sale of them. In such case the purchaser acquires a right of property by the contract of sale, but he does not acquire a right to the possession of them, until he has paid, or tendered the price, unless a credit is given at the sale as to the time of the payment for them.

But there is a distinction in this respect, between a thing in existence, made and completed at the time of the sale, and a thing not made, or not completed at the time of the contract of sale, but which is to be made, or finished afterwards; for in the latter case, when the article bargained for is not made or finished, but is afterwards to be made, or completed, the principle is well settled at common law and by our decisions, that the property in it is not transferred to and vested in the purchaser, until its completion and actual delivery to him. This principle, however, proceeds upon the legal presumption in the absence of any thing agreed upon to the contrary, that such was the intention and understanding of the parties at the time of the contract of sale; for there is nothing in it to preclude one person from selling, or another from buying a specific article in an incomplete and unfinished condition, or to prevent the property in it from immediately passing to and vesting in the purchaser, even, without any actual delivery, provided such should be the understanding and design of the parties in regard to the matter when making the contract. The owner of a carriage in an unfinished state, being indebted to the plaintiff in an equal amount, offered to sell it to him for $180, to go in payment of the debt, to which the plaintiff consented and accepted the offer, and at the same time it was agreed that the seller should retain the carriage until he could add an apron to it and a back to the front seat at the price agreed on and make and fit a tongue to it, for which the plaintiff was afterwards to pay to him $10. *Held* that the carriage became the property of the plaintiff in its unfinished condition from the time of the contract of sale.

REPLEVIN for a carriage. *Pleas. Non cepit.* Property in the defendant. Property in one William W. Chapman. On the trial the proof was that Chapman owned the carriage, which was then unfinished and incomplete in several particulars,—not being sufficiently painted, and having no apron in front, and the handles were not fastened, but only tied together on the dash-board; and being indebted to the plaintiff Cowgill, he applied to him to

buy it and take it at the price of $180 in payment of the debt he owed him to which the plaintiff consented; but left it still in the possession of Chapman, to have a tongue made and fitted to it by him, for which they bargained at the time and for which the plaintiff agreed to pay him $10, a part of which he afterwards paid him in a short time. Chapman was also to put an apron to it, and a back to the front seat and otherwise finish it and was to have it done in a week or two, or as soon as he could, as the plaintiff told him he was in no hurry for it. The carriage afterwards in its unfinished condition came into the possession of Ford, the defendant, who refused on the demand of the plaintiff, to deliver it to him, and replied that it had been placed in his hands for safe keeping until court, and he could not let him have it.

For the plaintiff it was contended that the facts proved constituted in law a constructive delivery of the carriage by Chapman to Cowgill the plaintiff, and transferred the property in it to him. It was bought and sold at the price agreed upon between them for it, $180, and it was to go in payment of so much of the debt which the former owed the latter. It only remained in the possession of Chapman for a special purpose, by the agreement of the parties, to have a tongue made and adjusted to it, an apron put to it and a back made to the front seat of it. If property is retained for a purpose distinct from the contract of sale, as was the case in this instance, although it does not amount to an actual delivery, it constitutes in law a sufficient and constructive delivery to transfer the property in the thing sold, from the vendor to the purchaser. *Add. on Contr.* 248, 249, 1 *Taunt. Rep.* 457.

For the defendant the distinction was taken and it was insisted that the sale of a chattel in an unfinished state, to be finished at a future day, does not pass or transfer the property in it to the party contracting to purchase it, although he may maintain an action against the other party for a breach of the contract to sell it to him. *Will. on Pers. Prop.* 79, *note* 80. The sale is not complete and

perfect, and the property in the article does not pass, if any thing remains to be done to it before it is ready for delivery. *Ch. on Contr.* 381.

*The Court, Gilpin Ch. J.,* charged the jury : In all cases of bargain and sale of goods and chattels, in order to consummate the bargain and perfect the sale, so as to transfer the property in the thing sold from the seller to the purchaser, the delivery of it, or what is equivalent to the delivery of it in law, is necessary. But there are two kinds of delivery of goods sold in law; an actual delivery and an implied, or constructive delivery, which is a delivery in contemplation of law merely, for the purpose of passing the property and ownership of the goods from the seller to the buyer, without any actual, or positive transfer or change of the possession of them at the time from the one to the other. There are, however, certain principles of law and rules of construction in regard to the matter, necessary to be noticed in this connection. And one of these general principles is that when the terms of sale are agreed on and the bargain is struck between the parties, and every thing the seller has to do with the goods is complete, the contract of sale becomes absolute as between them, without actual payment of the price for them on the one part, or the delivery of them on the other, and the property in the goods passes to and vests in the purchaser, and he is entitled to them on the payment of the price agreed upon for them, or the tender of it to the other party, and not otherwise. But this is only when nothing is said and agreed upon as to the time of delivery, or the time of payment, and a present sale and a simultaneous payment for and delivery of the goods, is in the contemplation of the parties, or a credit is given as to the time of payment at the sale of them. The payment, or a tender of the price, is in such cases a condition precedent, implied in the contract of sale, and the buyer cannot take the goods, or sue for them, without payment, or first offering in good faith to perform and execute the contract of sale on his part, by tendering the price; for though

the purchaser acquires a right of property by the contract of sale, he does not acquire a right to the possession of the goods, until he has done this, unless a credit is given at the sale as to the time of payment for them. But there is a distinction at common law in this respect between a contract for the sale of an article in *esse*, and for the sale of an article in *fieri*, as it is termed, that is to say, between a thing in existence, made and completed, and a thing to be made, or not completed, but agreed to be finished, at the time of making the contract. For when the article bargained for is afterwards to be made or finished, or something remains to be done upon it by the seller in order to complete and prepare it for delivery afterwards, the rule is equally well settled at common law and by our decisions, that the property in it, is not transferred to and vested in the purchaser, until its completion and actual delivery to him. This principle, however, presupposes and proceeds upon the legal presumption that such was at the time the understanding and intention of the parties in the absence of any thing said and agreed upon between them in this respect to the contrary. For there is nothing in the principle and rulings just mentioned, to preclude a person from buying or selling any article in an unfinished state, or to prevent the property in it from immediately passing to and vesting in the purchaser, even without any actual delivery of it, provided such should be the terms of the contract, or the meaning and intention of the parties in regard to the matter at the time of entering into it. Because in such a case, the legal conception of the transfer of the property in the article and the doctrine of implied, or constructive delivery would apply and control the case, in order to effect and accomplish the agreement and understanding of the parties in relation to it. And more especially would this be the construction which we should have to give to the transaction, if the purchaser at the time of making the bargain for the purchase of an article in an unfinished state, had paid the seller the price then fixed by him upon it in that condition; for in such a case, the purchaser, by paying

the price agreed upon for it in that condition, has done every thing to complete and execute the contract of sale remaining to be done and performed on his part; nor would the fact in such a case as we have just supposed, that by virtue of the same contract of sale, or upon a further agreement then entered into between the parties, the seller was to retain the possession of the article for a week, or two, or longer, if necessary, for the purpose of either completing and finishing it at the price already agreed upon and paid for it, or of doing something more to it for an additional sum afterwards to be paid for such additional work upon it, preclude the application of this principle of constructive delivery to the case, or prevent the property in the article in its then condition from immediately passing to and vesting in the purchaser, although not transferred to his actual possession. The cases in which this question has arisen and been decided are not without some subtilty and refinement of reasoning, but the principal, if not the only doubt and difficulty, which has been experienced in determining them, has been when the sale of the goods existed wholly in contract merely, and every thing except the making of the bargain, remained to be executed by the parties on both sides. But when the goods, pursuant to the contract of sale, have either been delivered to the purchaser, or the price for them has been paid by him to the vendor, we are not aware that any doubt, or difficulty has ever been felt, or expressed, as to the rule of construction applicable in such cases; for in the one case, it has always been held, we believe, that the property in the goods is transferred to the purchaser by their actual delivery to him, and in the other, that the same result is accomplished in contemplation of law, by a constructive delivery to him upon the payment by him of the price agreed upon for them.

To apply these principles and the reasoning on which they were founded, to the case now before the jury, it was only necessary for the Court to say that if the evidence which they had heard, was such as in their judg-

22

ment to warrant them in finding that at the time of the contract of sale spoken of, Chapman was the owner of the carriage in question in an incomplete and unfinished condition in the particulars mentioned, and that being indebted at the time, to the plaintiff in an equal sum, he proposed and offered to sell him the same in the condition it then was and to put an apron to it and a back to the front seat for the price of $180, to go in payment of the debt which he then owed him, and that the plaintiff assented to it and accepted his offer on the terms stated and proposed by him, and that the agreement also was that Chapmen was to retain the possession of it for the purpose, and until he could have time to make and fit a tongue to it, for which he was afterwards to be paid by the plaintiff the additional sum of $10, and that the carriage afterwards came into the possession of the defendant, and that he refused on the demand of the plaintiff to deliver it to him, about all of which facts, there appeared to be no difference or dispute between the parties, or their counsel, then the plaintiff was entitled to recover in the present action, and the verdict should be in his favor. For the indebtedness of Chapman at that time, to the plaintiff in an amount equal to the price which he fixed upon the vehicle in its then state and condition, and which by the contract of sale and agreement between them, it was to pay and discharge, was equivalent to a payment to him at the time by the plaintiff of so much money for it. If, however, they should come to a contrary conclusion as to the facts of the case, and consider from the evidence that such was not the contract of sale and agreement between them, but that it was simply a contemplated sale in the future of a specific article not then made, or not then finished, of which the sale was only to be consummated and executed when it should be completed and delivered, then and in that case, their verdict should be for the defendant.

                              The plaintiff had a verdict.

*Smithers* for Plaintiff.
*E. Saulsbury* for Defendant.